PHILIP CALDWELL & another *vs.* JAMES HEALEY & others.

Middlesex. January 9. — 10, 1877. COLT & AMES, JJ., absent.

A bond recited that whereas A. had, in a certain action, attached goods of B. in the hands of C., and whereas B. wished to dissolve the attachment according to law, therefore, if B. should pay to A. the amount which he should recover in said action against or from C., named as trustee, within thirty days after final judgment in said action, the bond should be void, otherwise remain in full force. *Held,* it appearing that the trustee had been discharged, that an action could not be maintained on the bond.

CONTRACT on a bond executed by the defendants, and alleged to contain the following condition : " The condition of this obligation is such, that whereas said Phillip Caldwell & Co. have caused the goods and estate of said James Healey, in the hands and possession of the Merrimack Manufacturing Company, in Lowell, to the value of one hundred dollars, to be attached on mesne process, in a civil action, by virtue of a writ bearing date the tenth day of October, A. D. 1874, and returnable to the Police Court of Lowell, in the district of Lowell, in said county, next to be holden at Lowell, within and for the County of Middlesex, in said Commonwealth, on the first day of December next, in which writ said Phillip Caldwell & Co. are named as plaintiffs, and said James Healey is named as defendant, and whereas said defendant wishes to dissolve the said attachment according to law. Now, therefore, if the above bounden James Healey shall pay to the plaintiffs in said action the amount, if any, which they shall recover therein, *against or from the said Merrimack Manufacturing Company, named as trustees in said action,* within thirty days after the final judgment in said action, then the above written obligation shall be null and void, otherwise, to remain in full force and virtue."

At trial in the Superior Court, before *Colburn,* J., without a jury, it appeared that the words above printed in italics were interlined in the bond, but the judge found as a fact that the bond had not been altered since it was signed. The record of the action of Caldwell and another against Healey and trustee was in evidence, by which it appeared that the plaintiffs recovered judgment against the principal defendant ; that the trustee was discharged, and, as well as a claimant of the funds,

was awarded costs. The judge ruled that as the trustee was discharged in the Police Court, the claimant of the funds in its hands having prevailed, there had been no breach of the condition of the bond, and found for the defendants. The plaintiffs alleged exceptions.

*R. B. Caverly*, for the plaintiffs, contended that the interlineation was senseless, and should be rejected as surplusage.

*G. F. Richardson & C. R. Blaisdell*, for the defendants.

BY THE COURT. The bond, including the interlineation, is not framed as required by the statutes to dissolve the attachment; it does not appear to have been accepted by the plaintiffs as a dissolution of the attachment; and it is in terms inconsistent with such dissolution, because it expressly makes the liability of the obligors to depend upon the question whether any property has been attached in the hands of the trustee. The plaintiffs, having declared upon the bond in this form, has no ground of exception.                    *Exceptions overruled.*